IN THE UNITED STATES DISTRICT COURT FOR THE
                        WESTERN DISTRICT OF MISSOURI
                              WESTERN DIVISION

WALTER T. MOORE,                )
                                )
        Plaintiff,               )
                                )
    v.                          )   Case No. 06-0230-CV-W-REL
                                )
FEDERAL INSURANCE CO.           )
and                             )
METROPOLITAN GROUP              )
PROPERTY AND CASUALTY           )
INSURANCE CO.,                  )
                                )
        Defendants.              )

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the court is plaintiff's motion to remand on the grounds that all defendants did not properly consent to removal and defendant failed to establish that the amount in controversy exceeds $75,000.00. I find that removal was improper because all parties did not properly consent; therefore, plaintiff's motion to remand will be granted.

## I.  BACKGROUND

Plaintiff alleges in his petition that on December 18, 2002, plaintiff's car was struck by an intoxicated uninsured motorist. Plaintiff was insured by defendant Federal Insurance Company ("Federal"). The insurance policy provided for $1,000,000 in uninsured motorist coverage. Plaintiff was also insured by defendant Metropolitan Group Property and Casualty Insurance Company ("Metropolitan")

with uninsured motorist coverage of $100,000.

On August 23, 2005, plaintiff filed a petition for damages in state court against defendant Federal and defendant Metropolitan. The petition was served on both defendants on February 15, 2006. On March 3, 2006, defendant Metropolitan filed an answer in state court. On March 16, 2006, defendant Federal filed a notice of removal. The notice states in part as follows:

> 5. This case is removable pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and it is between citizens of different States.
>
> 6. Undersigned counsel has consulted with counsel for Defendant Metropolitan and was advised that Defendant Metropolitan consents to this removal.

On April 11, 2006, plaintiff filed a motion to remand on the grounds that it is not adequate for counsel for one defendant to voice consent for removal of a party he or she does not represent, and a conclusory statement that the amount in controversy exceeds $75,000.00 is not sufficient.

The following day, April 12, 2006, defendant Metropolitan filed a notice of consent to removal.

On April 25, 2006, defendant Federal filed a response in opposition, arguing that Metropolitan had 30 days after the notice of removal to consent, and Metropolitan filed a

2

consent to removal on April 12, 2006, 27 days after the notice of removal was filed; and counsel's averment that counsel for Metropolitan agreed to removal was sufficient. Defendant Federal also argues that because plaintiff's petition alleges "(1) a complete tear of his rotator cuff; (2) injuries to his muscles, ligaments, tendons, nerves, tissue and flesh of his neck and back; (3) great physical pain in his neck, chest, back, arms and shoulder; (4) over $20,000 in medical expenses and an undetermined amount of medical expenses to be incurred in the future; (5) past and future lost wages; (6) permanently impaired and diminished earnings capacity; (7) loss of enjoyment of life; and (8) severe, permanent and progressive injuries", the trier of fact can legally conclude that plaintiff may recover damages greater than $75,000.

On May 9, 2006, plaintiff filed a reply, arguing that a party has 30 days after notice of removal to consent only when the party was served after the notice of removal was filed; and when a party removes a case to federal court, the standard for establishing the amount in controversy is "to a legal certainty" not whether a fact finder could legally conclude that the damages are greater than the required amount in controversy.

3

## II. CONSENT TO REMOVAL

Title 28, United States Code, Section 1446 outlines the procedure for removing a case to federal court. Section 1446(b) states that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . . ."

In this case, defendant Federal filed a notice of removal 29 days after service of the initial pleading. Therefore, the time for filing the notice of removal had not passed.

The next question is whether the notice of removal was proper. Although the removal statute does not explicitly provide for this requirement, it is well settled that all defendants in a multi-defendant case must join in the petition for removal. Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900). The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint. Adams v. Lederle Laboratories, 569 F. Supp. 234, 243 (W.D. Mo. 1983), citing Quick Erectors,

4

Inc. v. Seattle Bronze Corp., 524 F. Supp. 351, 354 (E.D. Mo. 1981; Martin Oil Company v. Philadelphia Life Insurance Company, 827 F. Supp. 1236, 1237 (N.D.W.V. 1993); Mason v. International Business Machines, Inc., 543 F. Supp. 444, 446 (M.D.N.C. 1982).

Defendant argues that the 30-day time for consenting to removal begins to run on the date of the notice of removal. However, the above-cited cases hold to the contrary under the circumstances of this case. The cases cited by defendant deal with the situation where a defendant was served with the complaint <u>after</u> the notice of removal was filed. All defendants properly served at the time the notice of removal is filed must consent to removal within 30 days from service of the complaint on that defendant. Adams v. Lederle Laboratories, 569 F. Supp. at 243; Moody v. Commercial Insurance Company of Newark, NJ, 753 F. Supp. 198, 199-200 (N.D. Tex. 1990). See also Crawford v. Fargo Manufacturing Co., Inc., 341 F. Supp. 762 (M.D. Fl. 1972), wherein one defendant filed a notice of removal, and the other failed to join in or otherwise consent within the 30-day removal period. The plaintiff filed a motion to remand, which prompted the other defendant to file its consent to removal. The court granted the motion to remand, finding

that a defendant is not permitted to join in a removal petition outside the statutory period.

In this case, defendant Metropolitan filed a consent to removal on April 12, 2006. The consent was filed 56 days after Metropolitan was served with the petition for damages, well outside the 30-day time limit.

The question then becomes whether the averment in the notice of removal by Federal's attorney that counsel for defendant Metropolitan advised that Metropolitan consents to removal is sufficient. Not surprisingly, plaintiff argues it is not, and defendant Federal argues that it is.

In Martin Oil Company v. Philadelphia Life Insurance Company, 827 F. Supp. 1236 (N.D.W.V. 1993), one defendant filed a notice of removal which represented that the other defendant "concurs with and joins in the decision of defendant PLI to remove this civil action from state court to federal court." The court found that such an averment by counsel was not sufficient, and that the defect could not be cured after the 30-day removal period had passed. Id. at 1237-1238. "It has been recognized that 28 U.S.C. § 1446 'requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney.'" Id. at 1238 quoting

6

Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992). "'To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation.'" Id. quoting Creekmore, 797 F. Supp. at 509. After a thorough discussion, the court found that it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the court on its behalf. Id. at 1239. "Rather, the non-signing defendant must voice such consent directly to the Court by filing a separate pleading which expresses consent to join." Id.

In Moody v. Commercial Insurance Company of Newark, N.J., 753 F. Supp. 198, 200 (N.D. Tex. 1990), the notice of removal stated that a co-defendant consented to removal, but the co-defendant did not file any separate consent to removal. The district court found that some timely-filed written indication of consent must be received from each defendant and also noted that Rule 11 of the Federal Rules of Civil Procedure does not redress concerns which arise when one counsel represents the position of another party,

7

inasmuch as Rule 11 may subject the signer of the removal notice to sanctions for failing to adequately investigate the factual allegations therein, but it does not bind the allegedly consenting co-defendant to the removal action. Id. at 200 n.6.

In Godman v. Sears, Roebuck, and Co., 588 F. Supp. 121 (E.D. Mich. 1984), the removal petition stated, "That upon information and belief as well as conversations with co-defendant counsel, co-defendant Archor Die Cast Division of PPA Industries, Inc., plans to join in this removal within thirty (30) days of the service of process on it." The court held that such an averment was not sufficient, and that Anchor was required to file an official consent or joinder within the statutory time period. Id. at 124.

To the contrary, In Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560 (C.D. Cal. 1988), defendant Magic Mountain filed a petition for removal after having been told by co-defendant Sheriff's Department that "if and when it was served, the Department would consent to removal." The Sheriff's office actually had been served, but plaintiffs served individuals at the Sheriff's office who were not authorized to receive service. The result was that the Sheriff's office consented to removal one day late.

8

The court, in refusing to remand the case, relied on several factors: (1) the confusion over whether the Sheriff's office had been served at the time Magic Mountain filed its notice of removal was plaintiff's fault, (2) the Sheriff's office filed its answer in federal court within the 30-day period, giving plaintiff notice that the Sheriff's office consented (even if the filing of the answer was not sufficient for consent), and (3) Federal Rule of Civil Procedure 6(b) allows the court to enlarge time limits which are not jurisdictional.

In this case, there was no confusion over when any defendant was served, and plaintiff committed no error in serving the defendants. In this case defendant Metropolitan filed its answer in <u>state</u> court, not in federal court. This indicates that Metropolitan intended to litigate this case in state court.[1] Finally, the Western District of Missouri has held that Rule 6(b) does not allow courts to extend deadlines that are fixed by statute.

In <u>Lusk v. Lyon Metal Products, Inc.</u>, 9 F.R.D. 250 (W.D. MO. 1949), Judge Duncan wrote, "The rule very clearly

---

[1] This also provides support for not accepting the averment of co-counsel, as the actions of Metropolitan were contrary to Federal's assertion that Metropolitan consented to removal.

9

says: 'When by these rules or by a notice given thereunder or by order of court. . .' and is entirely silent as to causes arising under the Code. I think the court is clearly without authority to extend the time". In that case, the petition for removal was filed one day late, and Judge Duncan found that because the time for removing a case to federal court is fixed by statute, Federal Rule of Civil Procedure 6(b) does not permit the court to extend that deadline. He then remanded the case.

Defendant cites City of University City, Missouri v. AT&T Wireless Services, Inc., 229 F. Supp. 2d 927 (E.D. Mo. 2002), to support its argument that an averment by counsel is sufficient. In that case, the district court denied remand, stating that "[b]ecause the Defendants' counsel averred that all Defendants consented to the removal, the failure to provide proof of such consent was a technical defect." There is no further discussion of the facts of that case. It is unclear whether the other defendants filed their own consents, whether the consents were filed within or outside the statutory time limit, etc. Furthermore, the court cited Marano Enterprises of Kansas v. Z-Teca Restaurants, 254 F.3d 753, 756 (8th Cir. 2001), for the proposition that "later-served defendants in a case have

10

thirty days after receiving service 'to file a notice of removal, regardless of when - or if - previously served defendants had filed such notices.'". Therefore, it appears that the <u>University City</u> case dealt with multiple notices of removal, which is clearly not the case here.

Because it does not appear from the <u>University City</u> opinion that the facts of that case are similar to the facts of the case before me, and because the court did not elaborate on either the "technical defect" of the consent or the reasoning behind its decision to ignore the technical defect, I decline to follow that holding.

### *III. CONCLUSION*

Based on all of the above, I find that because defendant Metropolitan did not consent to removal within 30 days of service upon it, the requirements of § 1446 have not been met and the plaintiff's motion to remand should be granted. Because the issue of consent is dispositive, I decline to address the issue of whether the amount in controversy was adequately established in the notice of removal.

It is

ORDERED that plaintiff's motion to remand is granted. It is further

11

ORDERED that the Clerk of Court for the Western District of Missouri return this action to the Circuit Court of Jackson County, Missouri.

                                                 */s/ Robert E. Larsen*
                                                 ROBERT E. LARSEN
                                                 United States Magistrate Judge

Kansas City, Missouri
May 19, 2006